[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks a dissolution of marriage, custody of a minor child, an equitable division of property and equitable legal relief to which he may be entitled.
Both parties were represented by counsel at trial, and CT Page 133 the Court makes the following findings and orders:
The parties were married on May 10, 1969 at Hartford, Connecticut. The plaintiff has resided continuously within Connecticut for longer than one year next before filing the complaint.
There is one child of the marriage, Tamara Nicole Nelson, born March 20, 1975, and she is a minor child.
The marriage between the parties has broken down irretrievably and it is ordered dissolved on said grounds.
Although the wife has a Bachelor's Degree and has been employed as a Social Worker, she is presently receiving disability income and has physical and emotional problems which appear to limit earning capacity. Although there was evidence that both parties were, if they no longer are, abusers of alcohol, the wife's health has probably been affected in a more substantive way by alcohol. She suffers from cirrhosis of the liver, has had throat cancer requiring some eight (8) weeks of radiation therapy in the summer of 1990. She builds up body fluid and requires periodic parasynthesis to drain the build up.
She went to the Blue Ridge Alcohol Treatment Center in 1988 and has a 1989 arrest for operating under the influence (for which she took "AEP"). Her behavior while drinking was assaultive and argumentative. In February of 1990, after she kicked her daughter who was lying on the floor, the husband and daughter moved out of the house into an apartment of their own.
Although there was evidence that the husband also drank heavily, at least into 1988, he maintains a long time managerial position in an insurance company and provides the family with its material needs, and at this time has the responsibility for taking care of the soon to be sixteen (16) year old daughter.
In weighing the requests of the parties, the Court considers the requirements of Sections 46b-81 and 46b-82 of the Conn. Gen. Stats. together with the evidence and financial affidavits of the parties.
The husband shall have custody of the minor child and the wife shall have reasonable visitation. Given the wife's financial situation, there is no order for child support.
The real estate owned jointly by the parties located at CT Page 134 522 Wetherell Street, Manchester shall be placed on the market for sale and any offer of not less than $140,000.00 shall be accepted. The net proceeds of said sale, after the costs of the sale and payment of the first mortgage shall be split equally by the parties.
The wife shall remain in possession of said property until it is sold; and the husband shall pay mortgage, insurance payments, utilities and reasonable repairs until the sale. The husband shall be entitled to a credit of fifty (50%) percent of such mortgage, insurance, utility and repair expense from the wife's share of the net sale proceeds for a period not to exceed eight (8) months. Thereafter he shall be entitled to a credit of one hundred (100%) percent of such expenses, if the house has not been sold.
The husband shall pay alimony in the amount of $70.00 per week for 364 weeks.
The husband shall have possession of tools on the property and the wife shall have possession of any furnishings therein.
The husband shall have possession of the 1989 Ford and the wife shall have possession of the 1983 Chevrolet.
The husband shall provide medical/health insurance as may be available through his employment, for the wife for as long as statutorily permitted.
The husband shall execute any documents necessary to presently transfer fifty (50%) of the present after tax value of his 401K account pursuant to a Qualified domestic Relations Order.
The husband shall maintain the minor child as the beneficiary on two life insurance policys he presently holds until her eighteenth (18th) birthday.
The husband shall be responsible for any liabilities listed on his financial affidavit.
The husband shall pay $500.00 toward the wife's counsel fee.
KLACZAK, J.